UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*

CASE NO. 14-CV-20930

ANDREW KEMP-GERSTEL,

    Plaintiff,
vs.

ALLY FINANCIAL, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANDREW KEMP-GERSTEL, files this his Complaint against ALLY FINANCIAL, INC., and alleges as follows:

1. This is an action for damages exceeding $15,000.00, exclusive of costs, interest, and attorneys' fees.

## The Parties

2. Plaintiff is an individual residing in Miami-Dade, Florida.

3. Defendant Ally Financial Inc. ("Ally") is a corporation doing business in Miami-Dade County, Florida.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to federal question jurisdiction under 28 USC 1331 as this action arises under the laws of the United States.

5. Venue is appropriate in this Court pursuant to 28 USC 1391 because the parties reside or do business in Miami-Dade County.

6. Venue is appropriate in this Court pursuant to 28 USC 1391 because the events giving rise to the suit occurred in Miami-Dade County.

**Background and General Allegations**

7.  This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act ("FCCPA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Collection Practices Act ("TCPA").

8.  On or about November 14, 2009, Plaintiff entered into a lease agreement (the "Lease") with Tropical Chevrolet in Miami, Florida to lease a 2010 Chevrolet Malibu LTZ. A copy of the Lease is attached as Exhibit A.

9.  Pursuant to the terms of the Lease, Plaintiff purchased, and paid additional money for, an "Excess Wear and Tear Waiver" which provided that Plaintiff would have up to $5,000 of wear and tear forgiven at the termination of the lease term.

10. Plaintiff purchased the "Excess Wear and Tear Waiver" at the dealership on November 14, 2009 when he signed all of the paperwork for the Lease.

11. The "Excess Wear and Tear Waiver" is an amendment to the Lease and is part of the Lease.

12. Plaintiff made timely monthly payments throughout the term of the Lease.

13. Initially, Plaintiff made his monthly lease payments to GMAC Auto Financing.

14. Around August 2010, GMAC Auto Financing sent Plaintiff correspondence noting that GMAC Auto Financing was becoming Ally and that Plaintiff should make the monthly lease payments to Ally.

15. The lease term expired on November 13, 2013.

16. Plaintiff returned the vehicle prior to the expiration of the lease term.

17. The vehicle was in good condition at the time that Plaintiff returned the vehicle.

18. After the termination of the lease and the return of the vehicle, Plaintiff received correspondence from Ally dated December 4, 2013 wherein Ally indicated that Plaintiff owed $430.99 for excess wear to the vehicle. A copy of the December 4, 2013 correspondence is attached as Exhibit B.

19. On December 12, 2013, Plaintiff sent correspondence to Ally noting 1) that Plaintiff did not owe any amount in light of the "Excess Wear and Tear Waiver"; 2) that Plaintiff had retained an attorney, Amanda Bhikhari, Esq., to represent Plaintiff with regard to the debt Ally alleged Plaintiff owed and all future communication should be made to Ms. Bhikhari; and 3) that Ally is not authorized to call Plaintiff on Plaintiff's cellular telephone. The December 12, 2013 also provided Ms. Bhikhari's mailing address and email address. A copy of the December 12, 2013 correspondence is attached as Exhibit C.

20. The December 12, 2013 correspondence was sent via certified mail. A copy of the December 12, 2013 certified mail receipt is attached as Exhibit D.

21. The December 12, 2013 correspondence was received by Ally on December 16, 2013. A copy of the USPS Product Tracking Information reflecting the delivery of the December 12, 2013 correspondence is attached as Exhibit E.

22. On December 20, 2013, Ally sent correspondence addressed to Plaintiff at Plaintiff's home address again demanding that Plaintiff pay Ally $430.99. A copy of the December 20, 2013 correspondence from Ally is attached as Exhibit F.

23. On December 30, 2013, Ms. Bhikhari sent correspondence to Ally again notifying Ally that Ms. Bhikhari represents Plaintiff, that all communication from Ally should be directed at Ms. Bhikhari and included a copy of the December 12, 2013

correspondence from Plaintiff. A copy of Ms. Bhikhari's December 30, 2013 correspondence is attached as Exhibit G.

24. The December 30, 2013 correspondence was sent via certified mail. A copy of the December 30, 2013 certified mail receipt is attached as Exhibit H.

25. The December 30, 2013 correspondence was received by Ally on January 3, 2014. A copy of the USPS Product Tracking Information reflecting the delivery of the December 30, 2013 correspondence is attached as Exhibit I.

26. On December 30, 2013, an individual named "Craig" from Ally called Plaintiff's cell phone regarding the alleged debt. The call left a voicemail and asked Plaintiff to call him back at 800.241.0172 extension 1022.

27. On January 10, 2014, Ally sent Plaintiff a "Reminder Notice" addressed to Plaintiff at Plaintiff's home address again demanding that Plaintiff pay Ally $430.99. A copy of the January 10, 2014 "Reminder Notice" is attached as Exhibit J.

### Count I: FCCPA - Fla. Stat. 559.72(18)

28. Plaintiff realleges Paragraphs 1 through 25.

29. Defendant is a debt collector pursuant to Fla. Stat. 559.55(6).

30. Defendant and/or its agent violated Fla. Stat. 559.72(18) by communicating with Plaintiff knowing that Plaintiff was represented by counsel.

31. Defendant had the name, address and contact information of Plaintiff's counsel when Defendant sent correspondence dated December 20, 2013, December 30, 2013, and January 10, 2014, and when Defendant called Plaintiff on Plaintiff's cellular telephone regarding the alleged debt.

32. Defendant's agent communicated with Plaintiff to collect the alleged debt.

33. Defendant's actions proximately caused Plaintiff emotional distress including, but not limited to, stress, anxiety, embarrassment, loss of sleep, loss of appetite.

34. Defendant is liable to Plaintiff for $1,000 in statutory damages for each violation of the FCCPA, plus actual damages, court costs, and Plaintiff's attorney's fees.

### Count II: FCCPA - Fla. Stat. 559.72(9)

35. Plaintiff realleges Paragraphs 1 through 25.

36. Defendant is a debt collector pursuant to Fla. Stat. 559.55(6).

37. Defendant and/or its agent violated Fla. Stat. 559.72(9) by attempting to enforce a debt Ally knows or should have known is not legitimate, or asserting the existence of some other legal right when Ally knows or should have known that the right does not exist.

38. Defendant has made multiple attempts to enforce an alleged debt that Plaintiff does not owe.

39. Defendant's actions proximately caused Plaintiff emotional distress including, but not limited to, stress, anxiety, embarrassment, loss of sleep, loss of appetite.

40. Defendant is liable to Plaintiff for $1,000 in statutory damages for each violation of the FCCPA, plus actual damages, court costs, and Plaintiff's attorney's fees.

### Count III: FDCPA - 15 U.S.C. § 1692(c)(a)(2)

41. The Plaintiff realleges Paragraphs 1 through 22.

42. Defendant is a debt collector pursuant to 15 USC 1692(a)(6).

43. Defendant and/or its agent violated 15 USC 1692(c)(a)(2) by communicating with Plaintiff knowing that Plaintiff was represented by counsel.

44. Defendant had the name, address and contact information of Plaintiff's counsel when Defendant sent correspondence dated December 20, 2013, December 30, 2013, and January 10, 2014, and when Defendant called Plaintiff on Plaintiff's cellular telephone regarding the alleged debt.

45. Defendant's actions proximately caused Plaintiff emotional distress including, but not limited to, stress, anxiety, embarrassment, loss of sleep, loss of appetite.

46. Defendant is liable to Plaintiff for $1,000 in statutory damages for each violation of the FDCPA, plus actual damages, court costs, and Plaintiff's attorney's fees.

### Count IV - FDCPA – 15 U.S.C. § 1692(e)

47. The Plaintiff realleges Paragraphs 1 through 22.

48. Defendant is a debt collector pursuant to 15 USC 1692(a)(6).

49. Defendant and/or its agent violated 15 USC 1692(e) by attempting to enforce a debt Ally knows or should have known is not legitimate, or asserting the existence of some other legal right when Ally knows or should have known that the right does not exist.

50. Defendant's actions proximately caused Plaintiff emotional distress including, but not limited to, stress, anxiety, embarrassment, loss of sleep, loss of appetite.

51. Defendant is liable to Plaintiff for $1,000 in statutory damages for each violation of the FDCPA, plus actual damages, court costs, and Plaintiff's attorney's fees.

### Count V - TCPA - 47 U.S.C. § 227(b)(1)(A)(iii)

52. Defendant is subject to, and has violated, the provisions of 47 USC 227(b)(1)(A)(iii) by using an automatic dialer or predictive dialer to call a telephone

number assigned to a cellular telephone service after Plaintiff expressly revoked any prior consent to call Plaintiff's cellular telephone.

53. At the time that Defendant made the call to Plaintiff's cellular telephone, Defendant did not have the consent of the Plaintiff to call Plaintiff's cellular telephone.

54. As a direct and proximate cause of Defendant's conduct, Plaintiff has expended costs and attorney's fees associated with the prosecution of this matter.

55. Also as a direct and proximate cause of Defendant's conduct, Plaintiff has incurred tremendous stress, anxiety, loss of sleep, and loss of time.

56. Defendant is liable to Plaintiff for at least $500 in statutory damages per violation of the TCPA, plus any other relief the Court deems proper.

## **JURY DEMAND**

57. Plaintiff is entitled to a trial by jury in this matter.

WHEREFORE, the Plaintiff demands judgment for statutory damages in the amount of $1,000 per violation of the FCCPA and FDCPA, statutory damages in the amount of $500 per TCPA violation, actual damages, filing fees, service fees, and reasonably attorney's fees.

DATED: March 12, 2014.

Respectfully submitted,

s/ Amanda Bhikhari
AMANDA S. BHIKHARI
Florida Bar No. 93720
Amanda@BhikhariLaw.com
Amanda Bhikhari, Esq.
4728 SW 67th Ave, Suite J5
Miami, FL 33155
Telephone: (954) 529–7114
Attorney for Plaintiff